596 A.2d 1153

**Grace HALL, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA), Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 13, 1991.

Decided Aug. 7, 1991.

Carole F. Kafrissen, Philadelphia, for appellant.

Joan A. Zubras, Philadelphia, for appellee.

Before DOYLE and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Grace Hall appeals from an order of the Court of Common Pleas of Philadelphia County which granted summary

judgment in favor of the Southeastern Pennsylvania Transportation Authority (SEPTA).

On October 30, 1985, Hall, while a passenger on a trolley owned and operated by SEPTA, was struck on the head by a raw egg which had been thrown through an open window of the trolley by an unknown third party. Hall alleged that as a result of being struck by the egg, she suffered an ocular trauma to her left eye and severe pain to her face and head.

On September 18, 1986, Hall filed suit against SEPTA seeking damages for her injuries. In her complaint, Hall alleged that her injuries were caused by SEPTA's negligence as follows:

(a) in failing to have the trolley car under proper and adequate control under the circumstances;

(b) in failing to properly secure the windows on the trolley under the circumstances;

(c) in failing to operate the said trolley car with due regard, at the time, for the rights, safety and position of the plaintiff;

(d) in failing to otherwise exercise due care under the circumstances; and

(e) in failing to warn the plaintiff of the dangerous condition.

On March 20, 1990, SEPTA filed a motion for summary judgment asserting that, as a "Commonwealth party," it was immune from suit.[1] On May 2, 1990, the common pleas court granted SEPTA's motion. Appeal to this Court followed.

---

1. In its motion for summary judgment, SEPTA asserted that it is immune from suit pursuant to Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522 which pertains to the exceptions to sovereign immunity. SEPTA was apparently claiming immunity pursuant to Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521, which pertains to sovereign immunity generally. Section 8521 provides: "Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise."

On appeal, Hall argues that SEPTA's immunity from suit was inapplicable pursuant to Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b), which provides exceptions to the general grant of sovereign immunity. Hall specifically contends that her cause of action lies within the vehicle liability exception contained in Section 8522(b)(1) of the Judicial Code, 42 Pa.C.S. § 8522(b)(1), which pertinently provides:

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

(1) Vehicle liability.—The operation of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

A plaintiff seeking to recover under Section 8522 of the Judicial Code must meet two distinct requirements. First, the plaintiff must show that she possesses a common law or statutory cause of action against a Commonwealth party, 42 Pa.C.S. § 8522(a), and second, she must demonstrate that the cause of action falls within one of the exception to sovereign immunity contained in Section 8522(b).

Hall argues that SEPTA, as a common carrier, is held to the highest degree of care to its passengers and has a duty to protect these passengers from known and foreseeable criminal acts of others. Hall cites *Toombs v. Manning*, 835 F.2d 453 (3rd Cir.1987) for the proposition that SEPTA can be held liable for the negligent failure of its employees to protect its passengers from clear danger.

Hall has not cited, and our research has not discovered, any case decided by an appellate court in the Pennsylvania judiciary which construes the duty of care of a common carrier entitled to assert the defense of sovereign immuni-

ty.[2] Even assuming *arguendo*, that SEPTA is held to the highest duty of care and that duty was breached, Hall nonetheless would not be able to satisfy the second requirement of Section 8522 of the Judicial Code, that is, that the cause of action was within one of the exceptions contained in Section 8522(b).[3]

Section 8522(b)(1) requires that the damages must be caused by the *operation* of the motor vehicle. In *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988), our Supreme Court interpreted the word "operate" to mean that a vehicle must actually be in motion for the vehicle exception to apply. In *Love*, the plaintiff fell while alighting from a van owned by the City of Philadelphia. She landed in the street with her feet approximately three feet from the curb line and her back approximately two feet from the portable step which had been placed next to the van. The Supreme Court held that the van was not in operation at the time of the accident and that *getting into or alighting from* a vehicle are merely acts ancillary to the actual operation of that vehicle.

Subsequent decisions have applied the definition enunciated in *Love*. In *Vogel v. Langer*, 131 Pa.Commonwealth Ct. 236, 569 A.2d 1047 (1990), the act of the driver of a SEPTA bus, while stopped in traffic, in waiving another motorist into an intersection was held to constitute the operation of a vehicle. The Court stated that "temporarily stopping a vehicle and waving another motorist into an intersection are acts normally related *to the operation of a vehicle." Id.*, 131 Pa.Commonwealth Ct. at 239, 569 A.2d at 1048 (emphasis added). In *Sonnenberg v. Erie Metropolitan Transit Authority*, 137 Pa.Commonwealth Ct. 533, 586 A.2d 1026

**2.** This Court is not bound by an inferior federal court's interpretation of state law. *Commonwealth v. Lacey*, 344 Pa.Superior Ct. 576, 496 A.2d 1256 (1985), (citing *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979)).

**3.** To the extent that Hall relies on cases decided before SEPTA was determined to be a "Commonwealth agency" for purposes of sovereign immunity, her reliance on that body of law is misplaced.

(1991), a passenger on a bus was injured when the door of the bus suddenly closed, striking her in the back as she attempted to exit the vehicle. The Court held that, "[t]he movement of parts of a vehicle, *or an attachment to a vehicle,* is sufficient to constitute 'operation.'" *Id.,* 137 Pa.Commonwealth Ct. at 537, 586 A.2d at 1028 (emphasis added).

■ The precise issue then presented to this Court to decide is whether an object propelled from outside a moving vehicle by a third party, not in any way related to the direct operation of that vehicle, within the intendment of Section 8522(b)(1) as an exception to sovereign immunity.

Although Hall alleges that her injury occurred while the vehicle was in operation, she does not allege that her injuries were *caused* by the movement of the vehicle, or by the movement of part of the vehicle, or by an act that is even normally related to the operation of the vehicle. We therefore conclude, taking our direction from the path already put in place by *Love, Vogel* and *Sonnenberg,* that Hall's complaint does not state a cause of action within the vehicle exception to sovereign immunity. The movement of the trolley car in this instance was not in any way related to the injury suffered by Hall; the trolley might just as well have been stopped and the same potential for injury existed. Nor was the operation of the trolley or the action of any person integrally related to the operation of the trolley, causally related to the occurrence of the injury.

Accordingly, we affirm the order of the Court of Common Pleas of Philadelphia County.[4]

4. In its opinion in support of the order, the common pleas court found that the driver of the bus had "no duty to constantly monitor every window on the vehicle" and also found that SEPTA had no duty "to secure the windows on buses and trolleys so that they cannot be opened." We have reached the same conclusion as that of the trial court, that Hall's cause of action fails, but on alternative grounds. *See Rhoads v. Lancaster Parking Authority,* 103 Pa.Commonwealth Ct. 303, 520 A.2d 122 (1987) (We may affirm the judgment of a trial court on alternate grounds where the result is correct when the basis for our decision is clear on the record).

## ORDER

NOW, August 7, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.