**Afrika D. MOSLEY, Appellant**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 2003.

Decided Dec. 3, 2003.

Publication Ordered Feb. 9, 2004.

---

Gerard G. Bernhardt, Jr., Philadelphia, for appellant.

Gladys R. Buck, Philadelphia, for appellee.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI, JR.

Afrika D. Mosley appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which granted summary judgment in favor of the Southeastern Pennsylvania Transportation Authority (SEPTA). We affirm.[1]

The record reveals the following facts. On December 22, 2000, Mosley was a passenger on the Route 31 bus operated by SEPTA. On this day, Mosley's stop was the last stop before the driver's shift ended. With Mosley the only passenger on the bus at the time, the driver deviated from the designated bus route, by one block, to bring Mosley closer to her residence. The driver made a complete stop and Mosley exited the vehicle. Mosley walked in front of the bus to cross the street towards her home. After passing the front of the bus, Mosley was struck by another vehicle. Mosley sustained severe physical injuries as a result of the accident.

On December 12, 2001, Mosley filed an action against SEPTA alleging that SEP-

---

1. Only Appellee presented oral argument. Appellant decided to rely on its brief without oral argument.

TA was negligent in operating its bus off the designated route and that, as a direct result of the negligent and careless operation of the bus, she sustained serious and permanent injuries. SEPTA filed an answer and new matter asserting the defense of sovereign immunity. SEPTA also filed a motion for summary judgment which was granted by the trial court. Mosley now appeals to this Court.[2]

On appeal, Mosley argues that the trial court erred in granting SEPTA's motion for summary judgment despite (1) the existence of outstanding issues of material fact, (2) the existence of a factual issue as to whether Mosley's injuries were caused by the movement of a SEPTA vehicle, (3) SEPTA's admission that the bus transported Mosley to the location where she was struck, and (4) the fact that, but for the negligent operation of the SEPTA bus from its proper route, the accident would not have occurred.

■ The Commonwealth and its agencies enjoy sovereign immunity and remain immune from suit, except where the Legislature specifically waives the immunity. Section 8521 of the Judicial Code, 42 Pa. C.S. § 8521. A Commonwealth party is not liable unless (1) the alleged act of the Commonwealth party is a negligent act for which damages would be recoverable under the common law or by statute, Section 8522(a) of the Judicial Code, 42 Pa. C.S. § 8522(a), and (2) the act of the Commonwealth party falls within one of the exceptions listed in Section 8522(b) of the Judicial Code 42 Pa.C.S. § 8522(b). The exceptions to sovereign immunity must be narrowly interpreted given the expressed legislative intent to insulate the Commonwealth and its political subdivisions from tort liability. *Ross v. Southeastern Pennsylvania Transportation Authority*, 714 A.2d 1131 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 558 Pa. 613, 736 A.2d 606 (1999).

Mosley contends that her cause of action falls within the motor vehicle exception to sovereign immunity. Under Section 8522(b)(1), 42 Pa.C.S. § 8522(b)(1), sovereign immunity is waived for damages caused by the operation of any motor vehicle in the possession or control of a Commonwealth party or local agency. In *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988), our Supreme Court interpreted the word "operate" to mean that a vehicle must actually be in motion for the vehicle exception to apply. In *Love*, the plaintiff was a passenger in a van owned by the City of Philadelphia. The driver had stopped the engine, exited the van and placed a portable set of stairs at the passenger doorway. The plaintiff fell while alighting from the vehicle. The Supreme Court held that the van was not in operation at the time of the accident and that getting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle.

■ Mosley argues that off-route movement of the bus constituted operation for purposes of the motor vehicle exception. We disagree. In *Warrick v. Pro Cor Ambulance, Inc.*, 709 A.2d 422 (Pa.Cmwlth. 1997), a SEPTA bus discharged two children at an intersection, rather than at the designated bus stop which was located in

---

**2.** This Court's scope of review of a trial court's decision to grant a motion for summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *E.O.J., Inc. v. Tax Claim Bureau of Schuylkill County*, 780 A.2d 814 (Pa.Cmwlth.2001), *petition for allowance of appeal denied*, 568 Pa. 637, 793 A.2d 910 (2002). Summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is clearly entitled to judgment as a matter of law. *Id.*

the middle of the block. The children began crossing the street in front of the bus. As the younger child was crossing the street, he was struck by an ambulance which was improperly passing the bus. The child was fatally injured. On appeal, the administratrix of the child's estate argued, *inter alia*, that the bus driver's actions in negligently operating his bus past a designated bus stop and in discharging the children into a dangerous intersection were acts relating to the operating of a motor vehicle. This Court rejected that argument, stating that caselaw limits injuries caused by the operation of a vehicle to those injuries resulting from the actual movement of the vehicle or a moving part of the vehicle. The Court also noted that the accident was caused by the ambulance improperly passing the bus, which had nothing to do with the bus' placement. Under *Warrick*, the movement of the SEPTA bus off its designated route does not constitute operation for purposes of the motor vehicle exception.

■ Mosley also contends that the bus driver's decision to deviate from the authorized route in violation of SEPTA's Rules and Regulations constituted negligent movement of the vehicle. Mosley cites *Regester v. County of Chester*, 568 Pa. 410, 420, 797 A.2d 898, 904 (2002) for the proposition that "there is some range of negligence associated with the physical operation of a vehicle beyond actual driving that will implicate the vehicle liability exception." Mosley's reliance on *Regester* is misplaced. In that case, the husband of the plaintiff suffered cardiac arrest. Members of his family called the local emergency services number, requested an ambulance, indicated a correct street num-

ber and provided accurate driving directions. Emergency medical personnel traveled to an incorrect address, thus delaying their arrival at the correct location. When they arrived at the correct location, the emergency medical personnel were unable to revive Regester. On appeal, it was argued that negligent decision making in the course of the operation of a vehicle constitutes the negligent operation of a vehicle for immunity purposes.[3] The Supreme Court stated that there was no controlling authority for the proposition that any and all decisions made during the physical operation of a vehicle implicated the motor vehicle exception. Accordingly, the Supreme Court concluded that the form of negligence alleged by the Regesters did not fall within the motor vehicle exception. Under *Regester*, the decision of the SEPTA driver to deviate from his designated route and drop Mosley off at an unauthorized location does not implicate the motor vehicle exception.

■ Mosley also argues that the bus driver was negligent in violating SEPTA's Rules and Regulation by deviating from the authorized bus route. In *White v. School District of Philadelphia*, 553 Pa. 214, 718 A.2d 778 (1998), the appellant argued that the bus driver violated the School District's Bus Manual and that this violation supports an expanded definition of "operation." The Supreme Court disagreed, stating that the argument confused duty with liability. The Court reasoned that the school district that transports children may have a duty to make reasonable efforts to see that those children reach their destinations safely, but it did not necessarily follow that breach of that duty exposed the school district to liability.

---

**3.** The motor vehicle exception to governmental immunity was at issue in *Regester*. However, sovereign and governmental immunity exceptions are interpreted conjointly and con-

sistently when there is similarity of subject matter. *DeLuca v. School District of Philadelphia*, 654 A.2d 29 (Pa.Cmwlth.1994).

The Court went on to state that "unless the conduct at issue falls within specifically stated exceptions, immunity attaches." *Id* at 221, 718 A.2d at 781. The SEPTA driver's alleged violation of SEPTA's Rules and Regulations does not, by itself, bring Mosley's cause of action within the motor vehicle exception.

Mosley failed to establish that her cause of action falls within the motor vehicle exception to sovereign immunity. Accordingly, the trial court did not err in entering summary judgment in favor of SEPTA. The order of the trial court is affirmed.

## *O R D E R*

AND NOW, this 3rd day of December, 2003, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.