# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lancelot Robertson, | : | |
| Appellant | : | |
| | : | No. 1851 C.D. 2015 |
| v. | : | Submitted: February 26, 2016 |
| | : | |
| Port Authority of Allegheny County | : | |

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                    **FILED:  June 9, 2016**

This matter is an appeal filed by Lancelot Robertson (Plaintiff), *pro se*, from an order of the Allegheny County Court of Common Pleas (trial court) granting summary judgment in favor of the Port Authority of Allegheny County (Port Authority) on the ground that Plaintiff's personal injury action against the Port Authority is barred by sovereign immunity.  For the reasons set forth below, we affirm.

On July 29, 2014, Plaintiff tripped over a sandbag in a construction area as he was hurrying toward a Port Authority bus to try to reach the bus and board it before it left.  (June 1, 2015 Hearing Transcript (H.T.) at 5-6, 13; Plaintiff's Pretrial Statement at 1-2.)  After he tripped, Plaintiff's hands hit the side of the bus and he fell backwards on the sidewalk.  (H.T. at 6; Plaintiff's Pretrial Statement at 2.)  Plaintiff was taken to a hospital emergency room where he was

examined and released following a CT scan or MRI of his head. (Plaintiff's Dep. at 34, attached to Defendant's Motions *in Limine* as Ex. A.)

On August 13, 2014, Plaintiff, acting *pro se*, filed a complaint against the Port Authority alleging that the bus driver operated the bus "so as to cause his bus to collide with plaintiff's body" and seeking damages for headaches and back pain that he claimed were caused by his fall. The Port Authority pleaded sovereign immunity as a defense in its answer and new matter. Approximately one month before trial, it became apparent that Plaintiff was not claiming that the bus ran into him. Instead, Plaintiff asserted that the Port Authority bus driver was negligent in letting passengers on and off in the construction zone, approximately a bus length behind the designated bus stop, rather than waiting for the vehicle in front of the bus to move when the light changed and stopping at the designated bus stop. (Plaintiff's Pretrial Statement at 1-2; Plaintiff's Dep. at 34-35.) On May 22, 2015, the Port Authority served a motion *in limine* on Plaintiff seeking to preclude him from asserting this claim on grounds that it was barred by sovereign immunity.[1]

On June 1, 2015, the day that trial was scheduled to begin, the trial court held a hearing on this motion *in limine* at which Plaintiff was given a full opportunity to state what negligence claims he sought to prove against the Port Authority at trial and what evidence he intended to present if the case proceeded to trial. (H.T. at 4-34, 39-47.) The trial court granted the Port Authority's motion *in limine* to preclude evidence based on sovereign immunity, and, following that ruling, the Port Authority made an oral motion for summary judgment on the

---

[1] This motion was one of a set of motions *in limine* filed by the Port Authority. In its motions *in limine*, the Port Authority also sought to limit Plaintiff's damages because Plaintiff had no medical expert witness.

ground that Plaintiff's action was barred in its entirety by sovereign immunity, based on the same law and facts raised and argued in its motion *in limine*. (*Id.* at 34-39.) After giving Plaintiff an additional opportunity to state what claims and evidence he intended to present and to respond to this motion, the trial court granted the motion for summary judgment and dismissed the action with prejudice on the ground that it was barred by sovereign immunity. (*Id.* at 39-47; Trial Court Order; Trial Court Opinion at 1-2, 4-5.) Plaintiff timely appealed the trial court's grant of summary judgment to the Superior Court, which transferred the appeal to this Court pursuant to Pa. R.A.P. 751.[2]

Before this Court, Plaintiff asserts two arguments: 1) that summary judgment could not be granted because the motion was made on the day of trial; and 2) that he had a legally valid negligence claim against the Port Authority.[3] We conclude that neither of these arguments is meritorious.

It is error for a trial court to grant summary judgment or judgment on the pleadings on a motion made on the day of trial where the plaintiff has no notice that he must respond to the legal issue on which the motion is based and does not have a full opportunity to respond to the motion. *Cagnoli v. Bonnell*, 611 A.2d 1194, 1196 (Pa. 1992); *School Security Services, Inc. v. Duquesne City School*

---

[2] Our standard of review of the trial court's grant of summary judgment is *de novo* and the scope of review is plenary. *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011).

[3] Plaintiff also filed an application for oral argument on January 11, 2016, and, on March 21, 2016, filed an application for relief seeking to place his opposition to the Port Authority's motions *in limine* before the Court. The application for oral argument was denied by the February 22, 2016 order of the Court directing that the case be submitted on the briefs. With respect to the second application, the document that Plaintiff seeks to bring to the Court's attention is in the certified trial court record and is therefore properly before the Court. It has been considered by the Court without the need for an application for relief.

*District*, 851 A.2d 1007, 1011 (Pa. Cmwlth. 2004); *Moscatiello Construction Co. v. City of Pittsburgh*, 625 A.2d 155, 156-58 (Pa. Cmwlth. 1993). The mere fact that summary judgment is sought on the day of trial does not, however, require that the trial court deny the motion; rather, the issue is whether plaintiff has received a full and fair opportunity to respond to the motion. *Phillips v. Lock*, 86 A.3d 906, 914-15 (Pa. Super. 2014); *see also* Pa. R.C.P. No. 1035.3(e)(1) (providing that "[n]othing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced" and that "[a] party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion"). Where the plaintiff has sufficient notice of the issues raised by the summary judgment motion and a full opportunity to respond and raise any factual and legal arguments against the motion, the granting of summary judgment on a motion made on the day of trial is not reversible error. *Phillips*, 86 A.3d at 911-15 (affirming grant of motion for summary judgment made by defendant on the morning of trial).

Here, Plaintiff had both ample notice and an unrestricted and unimpaired opportunity to oppose the Port Authority's motion for summary judgment. Plaintiff received notice over a week before trial of the precise legal issue, sovereign immunity, and the case law and facts on which the summary judgment was based, as these legal and factual arguments were set forth in the Port Authority's motion *in limine*. (Defendant's Motions *in Limine* at 2-8.) The trial court gave Plaintiff extensive opportunities at the motion *in limine* hearing to respond to the summary judgment motion and show that he intended to present evidence at trial that would support a negligence claim not barred by sovereign

4

immunity. (H.T. at 4-34, 39-47.) Notably, Plaintiff has not set forth in this appeal any evidence or legal arguments that he did not have the opportunity to present to the trial court and argues in his brief only the same facts that the trial court considered. Because Plaintiff was given a full and fair opportunity to oppose the Port Authority's summary judgment motion, the trial court did not err in ruling on the motion and granting summary judgment on the day of trial. *Phillips*, 86 A.3d at 914-15.

The trial court also correctly held that Plaintiff's action is barred by sovereign immunity. Agencies of the Commonwealth of Pennsylvania are immune from personal injury suits except to the extent expressly permitted by a statutory waiver of sovereign immunity. 42 Pa. C.S. § 8521; *Mosley v. Southeastern Pennsylvania Transportation Authority*, 842 A.2d 473, 475 (Pa. Cmwlth. 2003). The Port Authority is a Commonwealth agency protected by sovereign immunity. *Marshall v. Port Authority of Allegheny County*, 568 A.2d 931, 933-34 (Pa. 1990); *Mannella v. Port Authority of Allegheny County*, 982 A.2d 130, 132 (Pa. Cmwlth. 2009).

Section 8522 of the Judicial Code grants a limited waiver of sovereign immunity where two requirements are met: 1) the Commonwealth agency's act that injured the plaintiff is a negligent act for which the damages would be recoverable against a non-government defendant and 2) the Commonwealth agency's negligent act falls within one of the nine exceptions set forth in Section 8522(b). 42 Pa. C.S. § 8522(a); *Dean v. Department of Transportation*, 751 A.2d 1130, 1132 (Pa. 2000); *Mannella*, 982 A.2d at 132; *Mosley*, 842 A.2d at 475. The exceptions to sovereign immunity in Section 8522(b) are to be interpreted narrowly, in accordance with the Legislature's intent to insulate the

5

Commonwealth and its agencies from tort liability. *Dean*, 751 A.2d at 1132; *Mosley*, 842 A.2d at 475.

Plaintiff's claim against the Port Authority does not fall within any of the Section 8522(b) exceptions to sovereign immunity. The only relevant exception is the motor vehicle exception, Section 8522(b)(1), which waives immunity for damages caused by negligent acts in "[t]he operation of any motor vehicle in the possession or control of a Commonwealth party." 42 Pa. C.S. § 8522(b)(1). The mere fact that the plaintiff alleges negligence by a driver of a Commonwealth agency vehicle is not sufficient to bring an action within this exception. Because Section 8522(b)(1) waives sovereign immunity only for claims arising out of negligence in the "operation" of the vehicle, suit is permitted only where the negligent act involves movement of the vehicle or some part of the vehicle. *White v. School District of Philadelphia*, 718 A.2d 778, 780-81 (Pa. 1998); *Love v. City of Philadelphia*, 543 A.2d 531, 532-33 (Pa. 1988);[4] *Mannella*, 982 A.2d at 133-34; *Miller v. Erie Metropolitan Transit Authority*, 618 A.2d 1095, 1097 (Pa. Cmwlth. 1992); *First National Bank of Pennsylvania v. Department of Transportation*, 609 A.2d 911, 914 (Pa. Cmwlth. 1992).

The actions and decisions of the driver as to where to stop the vehicle to let on or discharge passengers does not constitute "operation" of the vehicle under Section 8522(b)(1). *Mosley*, 842 A.2d at 475-76; *Warrick v. Pro Cor Ambulance, Inc.*, 709 A.2d 422, 426-27 (Pa. Cmwlth. 1997), *aff'd*, 739 A.2d 127

---

[4] While *White* and *Love* involved the motor vehicle exception to local governmental immunity, 42 Pa. C.S. § 8542(b)(1), because the motor vehicle exceptions in both statutes are similar and the immunity statutes are to be interpreted consistently, these decisions are equally applicable to the interpretation of Section 8522(b)(1) . *Mosley*, 842 A.2d at 476 n.3; *First National Bank of Pennsylvania v. Department of Transportation*, 609 A.2d 911, 914 n.2 (Pa. Cmwlth. 1992).

6

(Pa. 1999). Claims that a transportation authority bus driver was negligent in where he let passengers on and off the bus are therefore barred by sovereign immunity. *Mosley*, 842 A.2d at 475-76 (claim that bus driver was negligent in deviating from his route to let plaintiff off closer to her home is barred by sovereign immunity); *Warrick*, 709 A.2d at 423, 426-27 (claim that bus driver was negligent in letting children off at the end of the street, rather than at the designated stop in the middle of the block, is barred by sovereign immunity).

Here, the only negligence of the Port Authority bus driver that Plaintiff has asserted is his picking up and discharging passengers in a construction zone, rather than at the designated bus stop. (Appellant's Br. at 5-6; H.T. at 7, 16, 21, 24, 42-43; Plaintiff's Pretrial Statement at 1-2; Plaintiff's Dep. at 34-35.) That claim does not fall within the motor vehicle exception and is barred by sovereign immunity as a matter of law. *Mosley*, 842 A.2d at 475-76; *Warrick*, 709 A.2d at 426-27.

Plaintiff's contention that the bus driver violated an alleged Port Authority policy (Plaintiff's Dep. at 34; Plaintiff's Opposition to Defendant' Motions *in Limine* at 1) does not change this conclusion. Whether there is a violation of agency policy goes only to the question of whether the conduct was negligent, and does not alter the scope of the motor vehicle exception or make driver conduct an "operation" of the vehicle. *White*, 718 A.2d at 781; *Mosley*, 842 A.2d at 476-77. If the negligent act does not fall within one of the exceptions to sovereign immunity, the action is barred even if the conduct is a direct violation of the agency's rules. *Mosley*, 842 A.2d at 476-77 (transportation authority was immune from liability despite driver violation of its rules prohibiting deviation

7

from authorized routes); *Warrick*, 709 A.2d at 426-27 (transportation authority was immune from liability despite driver violation of its operating procedure).

The fact that the bus was in motion when Plaintiff tripped over the sandbag (H.T. at 6, 15; Plaintiff's Opposition to Defendant' Motions *in Limine* at 1) likewise does not bring his claim within the motor vehicle exception. The motor vehicle exception does not apply to injuries simply because they occur while a Commonwealth agency vehicle is in motion. *Hall v. Southeastern Pennsylvania Transportation Authorit*y, 596 A.2d 1153, 1156 (Pa. Cmwlth. 1991) (claim of negligence in failing to protect passenger from object thrown through trolley window was not within the motor vehicle exception and was barred even though trolley was in motion at the time the passenger was hit by the thrown object). Rather, the motor vehicle exception waives sovereign immunity only where the negligent act that caused the plaintiff's injury involved movement of the vehicle or its parts. *Hall*, 596 A.2d at 1156; *see also* 42 Pa. C.S. § 8522(a) (waiver of sovereign immunity applies only to "damages arising out of a negligent act" that is within one of the nine exceptions set forth in subsection (b)). Plaintiff did not claim negligence in how the bus was driven and admitted that the bus did not run into him.

Because Plaintiff received a full and fair opportunity to oppose the Port Authority's motion for summary judgment and his claim is barred by sovereign immunity, the trial court's grant of summary judgment in favor of the Port Authority is affirmed.

—————————————————
**JAMES GARDNER COLINS, Senior Judge**

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lancelot Robertson, :
               Appellant :
                     : No. 1851 C.D. 2015
           v. :
                     :
Port Authority of Allegheny County :

## ORDER

AND NOW, this 9th day of June, 2016, the order of June 1, 2015 of the Allegheny County Court of Common Pleas granting the motion for summary judgment of the Port Authority of Allegheny County in the above-captioned matter is AFFIRMED.

 

_____
**JAMES GARDNER COLINS, Senior Judge**