586 A.2d 1026

**Joan M. SONNENBERG, Appellant,**

v.

**ERIE METROPOLITAN TRANSIT AUTHORITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 1, 1990.

Decided Feb. 8, 1991.

534

James P. Lay, III, Gifford, Lay & Johnson, with him, Stephen A. Tetuan, Erie, for appellant.

William C. Wagner, Knox, McLaughlin, Gornall & Sennett, P.C., Erie, for appellee.

Before DOYLE and SMITH, JJ., and BARRY, Senior Judge.

DOYLE, Judge:

Joan Sonnenberg appeals the order of the Court of Common Pleas of Erie County granting summary judgment in favor of the Erie Metropolitan Transit Authority (EMTA).

On September 24, 1983, Sonnenberg was riding a bus owned and operated by EMTA. The bus stopped and Sonnenberg moved to exit through the rear door of the bus. As Sonnenberg was leaving the bus, the door suddenly closed striking her in the back and locking her into a position from which she was unable to free herself. The bus driver heard Sonnenberg's cries and released the door (apparently the door was controlled by the bus driver and not by pressure on the door treadle). Sonnenberg alleges that the impact of the bus door and her struggle to escape from the door's grasp caused permanent injury to her back.

On October 24, 1985, Sonnenberg filed a complaint against EMTA seeking damages for her injuries. On December 8, 1989, EMTA filed a motion for summary judgment alleging that EMTA was immune from suit under Section 8541 of the Judicial Code (Code), 42 Pa.C.S. § 8541 (pertaining to governmental immunity),[1] because no exception to governmental immunity applied to the facts of this case. Sonnenberg responded that EMTA could be sued under the vehicle liability exception to governmental immunity. On February 8, 1990, the trial court granted EMTA's motion for summary judgment, holding that the vehicle exception was inapplicable because the bus was not "in operation" at the time Sonnenberg was injured. This appeal followed.

Sonnenberg contends that the trial court erred in granting EMTA summary judgment on the basis of governmental immunity because EMTA can be sued under the vehicle liability exception to the Code. This exception provides:

(b) **Acts which may impose liability**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(1) **Vehicle liability**—*The operation of* any motor vehicle in the possession or control of a local agency. As used in this paragraph, "motor vehicle" means any vehicle which is self propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

42 Pa.C.S. § 8542(b) (emphasis added). She argues that governmental immunity cannot attach because the bus *was* in "operation" when her injuries were inflicted. In the alternative she argues that governmental immunity cannot apply because her injuries were caused by a moving attachment of EMTA's bus.

1. Sonnenberg does not question that EMTA is a local agency under Section 8501 of the Code, 42 Pa.C.S. § 8501. *See E–Z Parks, Inc. v. Larson*, 91 Pa.Commonwealth Ct. 600, 498 A.2d 1364 (1985), *aff'd per curiam*, 509 Pa. 496, 503 A.2d 931 (1986). We note that whether EMTA was a local agency or a Commonwealth agency, the result in this case will be the same.

■■■■ This Court's scope of review of a common pleas court order granting summary judgment is limited to determining whether an error of law was committed or the trial judge abused his/her discretion. *Burnatoski v. Butler Ambulance Service,* 130 Pa. Commonwealth Ct. 264, 567 A.2d 1121 (1989). A trial court may grant summary judgment in cases where the right is clear and free from doubt, if there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986).

The issue immediately before us is whether if the entire motor vehicle is not in motion, the physical movement of certain parts of the motor vehicle is sufficient to bring the case within the vehicle liability exception to the Code.

The Pennsylvania Supreme Court has interpreted the word "operation" to mean that a vehicle must actually be in motion for the exception to apply. *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988). In *Love,* the plaintiff fell while exiting a parked van owned by the City of Philadelphia; the van was not moving at the time of the plaintiff's fall nor were the plaintiff's injuries inflicted by any moving part of the vehicle. The rule announced in *Love* was applied in *Pennsylvania State Police v. Robinson,* 123 Pa.Commonwealth Ct. 401, 554 A.2d 172 (1989). In *Robinson,* a police car was found not to be in "operation" when the plaintiff, who was standing behind a parked police car, was struck by a passing motorist. However, in *Vogel v. Langer,* 131 Pa.Commonwealth Ct. 236, 569 A.2d 1047 (1990), this Court held that when a bus driver applied the brakes of a bus and momentarily stopped in traffic the bus remained in "operation," as temporary stops are acts normally related to the operation of a motor vehicle.

■■■■ In *Love* and *Robinson* neither plaintiff was injured by a moving government vehicle or by *any moving part of a government vehicle.* The instant case is distinguishable from *Love* and *Robinson* because Sonnenberg's injuries are alleged to have been directly caused by a moving part of EMTA's bus. Further, nothing in *Love* or

*Robinson* requires that the *entire* vehicle be in motion to establish "operation" for purposes of the vehicle liability exception to the Code. The movement of parts of a vehicle, or an attachment to a vehicle, is sufficient to constitute "operation." Moreover, the bus driver's closing of the bus doors is an act normally related to the "operation" of a bus. *Vogel.* We must conclude, therefore, that EMTA's bus was in "operation" when the bus door struck Sonnenberg and hold that the trial court erred in granting summary judgment.[2]

Accordingly, we reverse the trial judge's order on the motion for summary judgment and remand this case for further proceedings.

## ORDER

NOW, February 8, 1991, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby reversed and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

**2.** Because of our disposition of the issue, we need not decide whether the door was a moving attachment to the vehicle.