618 A.2d 1095

**Sylvia MILLER and Walter Miller,**

v.

**ERIE METROPOLITAN TRANSIT AUTHORITY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 22, 1992.

Decided Dec. 2, 1992.

Timothy M. Sennett, for appellant.

John M. Bonanti, for appellees.

Before PELLEGRINI and FRIEDMAN, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Erie Metropolitan Transit Authority (EMTA) appeals from an order of the Court of Common Pleas of Erie County, denying its Motion for Summary Judgment on the basis that it was not immune from liability under the vehicle exception to sovereign immunity found at 42 Pa.C.S. § 8522(b)(1).

This appeal arises as a result of injuries suffered by Sylvia Miller (Miller) on May 4, 1990, after she slipped on the steps of an EMTA bus and fell into the street while exiting the bus. Miller filed a complaint against EMTA alleging that her injuries were the result of EMTA's negligent maintenance of the aisles and steps of the bus, which were worn, as well as wet and slippery due to an accumulation of water from the rainfall earlier that day.

EMTA filed an Answer and New Matter denying Miller's allegation of negligence and raising immunity as a defense. EMTA subsequently filed a Motion for Summary Judgment on the basis that it was immune from suit, and the vehicle liability exception to sovereign immunity did not apply as Miller was not injured while the bus was operating. Miller filed an Answer to EMTA's motion, arguing that the discharge of a passenger along a regularly scheduled route while in traffic constitutes "operation" of the bus, thereby bringing Miller's cause of action within the vehicle liability exception to sovereign immunity.

EMTA's Motion for Summary Judgment was denied. EMTA filed a Motion for Reargument/Motion for Certification of Order for Interlocutory Appeal which was also denied. EMTA again filed a Motion for Reargument on its Motion for Summary Judgment, but this time in light of new case law. The trial court denied EMTA's renewed Motion for Reargument on its Motion for Summary Judgment. However, it granted EMTA's previous request to certify the case for interlocutory appeal pursuant to 42 Pa.C.S. § 702(b)[1] on the issue of the vehicle liability exception to sovereign immunity because there were grounds for differences of opinion on that issue based on case law. EMTA then filed with this court a petition for permission to appeal from the trial court's order denying its Motion for Summary Judgment which we granted.

Pursuant to 42 Pa.C.S. § 8521,[2] Commonwealth parties[3] are immune from suit except in those instances itemized under 42

1. 42 Pa.C.S. § 702(b) provides the following:
When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

2. 42 Pa.C.S. § 8521(a) provides that except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.

3. Under 42 Pa.C.S. § 8501, a "Commonwealth party" is defined as a Commonwealth agency and any employee thereof. Our Supreme Court

Pa.C.S. § 8522. One of those exceptions, which is the focus of this case, is the vehicle liability exception. The vehicle liability exception is found at 42 Pa.C.S. § 8522(b)(1) and provides that the defense of sovereign immunity shall not be raised to claims for damages caused by the operation of any motor vehicle in the possession or control of a Commonwealth party. In particular, questions have been raised regarding the interpretation of the word "operation."

The leading case which discusses the definition of the word "operation" is *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988). In *Love*, an elderly woman fell as she was alighting from the steps of a city-owned van. In concluding that the City of Philadelphia was immune from suit and the vehicle liability exception did not apply, our Supreme Court determined that because the statute did not define the word "operation", it was required to strictly construe that word according to common usage. Because the word "operate" was commonly defined as a mode of action or to run or control the function of, the van clearly was not operating at the time of the accident as it had ceased movement. As such, the vehicle liability exception did not apply. Our Supreme Court noted that alighting from the van was merely an act by Love that was ancillary to the actual operation of that vehicle.

However, in *Sonnenberg v. Erie Metropolitan Transit Authority*, 137 Pa.Commonwealth Ct. 533, 586 A.2d 1026 (1991), where a passenger was injured when the doors of the bus closed on her as she attempted to alight from the bus which had temporarily stopped to discharge her, we held that the even if the entire bus was not moving, the physical movement of the doors of the bus constituted operation of the vehicle. We stated, "Nothing in *Love* ... requires that an entire

in *Marshall v. Port Authority of Allegheny County*, 524 Pa. 1, 568 A.2d 931 (1990), has determined that transportation authorities are Commonwealth agencies rather than local agencies and are entitled to sovereign immunity because they exercise the public powers of the Commonwealth as agencies.

vehicle be in motion to establish 'operation' for purposes of the vehicle liability exception to the Code. The movement of parts of a vehicle, or an attachment to a vehicle, is sufficient to constitute 'operation'." *Sonnenberg,* 137 Pa.Commonwealth Ct. at 536–537, 586 A.2d at 1028. Additionally, we determined, "[T]he bus driver's closing of the bus doors is an act normally related to the 'operation' of a bus." *Sonnenberg,* 137 Pa.Commonwealth Ct. at 537, 586 A.2d at 1028.

EMTA argues that the trial court erred in not granting its Motion for Summary Judgment because under *Love* and *Sonnenberg,* the vehicle liability exception does not apply to this case, as Miller has neither alleged injury resulting from the movement of the bus or any part of the bus nor from an act normally related to the operation of the bus. Miller, however, argues that *Love* is inapplicable to this case because it involved a van rather than a common carrier such as a bus, which is held to a higher duty of care. Miller further argues that even if *Love* is applicable, under *Sonnenberg,* we interpreted *Love* to include the act of alighting from the steps of a bus to be within the vehicle liability exception because it is an activity normally related to the operation of a bus.[4]

■ Even if we hold EMTA to a common carrier duty of care standard, that does not vitiate the requirement that the injured party must establish that his or her cause of action falls within one of the exceptions to sovereign immunity. *Hall v. Southeastern Pennsylvania Transportation Authority (SEPTA),* 141 Pa.Commonwealth Ct. 591, 596 A.2d 1153 (1991). Assuming, *arguendo,* that Miller has proven that EMTA breached its duty of care as a common carrier, we do not believe that she has proven her injuries resulted from an

---

4. Miller also argues that an injury resulting from any act which occurs on the bus should fall within the vehicle liability exception in light of our holding in *Vogel v. Langer,* 131 Pa.Commonwealth Ct. 236, 569 A.2d 1047 (1990). In *Vogel,* we held that the act of the bus driver waiving another motorist into the intersection resulting in a collision constituted "operation" of the bus, and the vehicle liability exception to sovereign immunity applicable. However, that holding is limited to the specific facts of that case.

act by EMTA which would fall within the vehicle liability exception to sovereign immunity.

■ While we agree that the act of alighting from bus steps into the street is an activity normally related to a passenger's usage of the bus, we do not agree that it is an activity normally related to the "operation" of the bus. As stated in *Love*, operation implies actual movement of the vehicle, van or bus. *Sonnenberg* only holds that movement of any part of the vehicle is included within "operation" and the entire vehicle does not have to move to fall within the exception. Moreover, in *The First National Bank of Pennsylvania v. Babcock*, 148 Pa.Commonwealth Ct. 158, 609 A.2d 911 (1992), we held that movement of the vehicle or a part of that vehicle has to cause the injury. In *First National Bank*, this court held that a Pennsylvania Department of Transportation (DOT) vehicle which had its motor running but was temporarily parked on the side of the road for purposes of placing delineators on an adjacent highway was not in operation, and DOT was not subject to liability when another car hit the vehicle causing the death of the passenger in the other car.

Applying the holdings in *Love, Sonnenberg* and *First National Bank* to the case before us, Miller was neither injured by the actual movement of the bus or by a moving part of the bus when she slipped on the steps and fell into the street. Because the definition of "operation" does not include situations other than those where the injury is the result of the vehicle moving or a moving part of the vehicle, EMTA is exempt from liability because Miller has no cause of action against EMTA.

Consequently, because Miller's cause of action does not fall within the vehicle liability exception to sovereign immunity, the trial court committed an error of law by not granting EMTA's Motion for Summary Judgment. Accordingly, the decision of the trial denying EMTA's Motion for Summary Judgment is reversed.

FRIEDMAN, J., dissents.

## ORDER

AND NOW, this 2nd day of December, 1992, the order of the Court of Common Pleas of Erie County dated March 27, 1992, denying EMTA's Motion for Summary Judgment is reversed.