Hattie RUBENSTEIN, Appellant,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION
AUTHORITY.

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 1995.

Decided Dec. 12, 1995.

Joel M. Lieberman, for appellant.

Joan A. Zubras, for appellee.

Before COLINS, President Judge, and SMITH, J., and KELTON, Senior Judge.

COLINS, President Judge.

Hattie Rubenstein (Appellant) appeals from the Court of Common Pleas of Philadelphia County's (court of common pleas) March 27, 1995 order that denied her Motion to Strike Off Judgment Notwithstanding Verdict and Reinstate Jury Verdict. Appellant raises two issues for this Court's review: (1) whether the safe delivery of a passenger to a bus stop is to be considered "operation of a motor vehicle"; and (2) whether the request for a Judgment Notwithstanding the Verdict

(judgment n.o.v.) was appropriately presented to the court of common pleas because it was not in writing.

The facts of this case as found by the court of common pleas are summarized as follows. Appellant brought this action against the Southeastern Pennsylvania Transportation Authority (Appellee) in the court of common pleas following injuries she sustained upon alighting from Appellee's passenger bus at a stop along the vehicle's regular bus route. The bus stopped moving at its regularly scheduled stop at the intersection of Castor and Cottman Avenues, where Appellant alighted the bus, and fell as she stepped to the ground. Appellee's bus driver was aware that the ground at the point where the bus stopped was not level and that he could have stopped the bus at a different point. No other passengers who alighted ahead of or behind Appellant fell.

At the close of Appellant's case on liability, the court of common pleas entertained argument on Appellee's motion for compulsory nonsuit based on the legal theory that Appellant failed to establish facts sufficient to fall within the motor vehicle exception [1] to Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521, which otherwise grants immunity to Commonwealth parties such as Appellee. The court of common pleas took that matter under advisement.

Appellant presented one additional witness sufficient to establish the harm suffered as a result of the fall. The court of common pleas noted in its opinion that it had been unable to review Appellee's motion at that time, and that the issue of immunity was still under consideration. Appellee did not present any evidence, so the matter proceeded to closing arguments and jury charge. The court of common pleas noted on the record that it would view Appellee's motion as one for directed verdict.

During jury deliberation, the court of common pleas considered Appellee's motion in full, but prior to announcing the disposition of that motion was advised that the jury had reached a verdict. The court of common pleas decided that it was best to receive the

1. Section 8522(b)(1) of the Judicial Code, 42    Pa.C.S. § 8522(b)(1).

verdict of the jury before announcing its decision on Appellee's motion. The jury found Appellee negligent and Appellant 50% contributorily negligent, and awarded damages in the amount of $40,000.

After the jury was discharged, the court of common pleas announced its decision on Appellee's motion, concluding that the facts in evidence did not support the conclusion that Appellee's bus was in "operation" within the meaning of Section 8522(b)(1) of the Judicial Code, 42 Pa.C.S. § 8522(b)(1), at the time of Appellant's injury. Thus, the court of common pleas rejected the jury's verdict. Appellant filed a motion to strike off judgment n.o.v., which the court of common pleas denied. This appeal followed.

■ An appellate court reviews an order granting or denying judgment n.o.v. under the following standard: "We will reverse the lower court when we find an abuse of discretion or an error of law that controlled the outcome of the case." *Jones v. Constantino,* 429 Pa.Superior Ct. 73, 76, 631 A.2d 1289, 1290 (1993) (citations omitted), *petition for allowance of appeal denied,* 538 Pa. 671, 649 A.2d 673 (1994).

In *Feingold v. Southeastern Pennsylvania Transportation Authority,* 512 Pa. 567, 517 A.2d 1270 (1986), the Supreme Court of Pennsylvania held that Appellee is a Commonwealth agency and as such enjoys the benefit of sovereign immunity conferred upon Commonwealth agencies by Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521. However, liability will lie against a Commonwealth agency where a claim for damages arises out of the "operation of any motor vehicle in the possession or control of a Commonwealth agency." Section 8522(b)(1) of the Judicial Code, 42 Pa.C.S. § 8522(b)(1).

The Supreme Court of Pennsylvania defined "operation" of a motor vehicle in the context of governmental immunity conferred by Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541, and the motor vehicle exception thereto contained in Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1), as follows:

[T]o operate something means to actually put it in motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle.... *Getting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle.*

*Love v. City of Philadelphia,* 518 Pa. 370, 375, 543 A.2d 531, 533 (1988) (emphasis added). This Court in *Miller v. Erie Metropolitan Transit Authority,* 152 Pa.Cmwlth. 64, 618 A.2d 1095 (1992), *petition for allowance of appeal denied,* 537 Pa. 643, 644 A.2d 165 (1994), relied upon our Supreme Court's definition of operation and has consistently applied this definition to cases involving sovereign immunity. In *Miller,* the plaintiff alleged she was injured when she slipped on the steps of defendant's bus. This Court reversed the trial court's denial of the defendant's motion for summary judgment and held that a passenger's act of alighting the steps of a bus did not involve operation of the bus for purposes of the motor vehicle exception to sovereign immunity contained in Section 8522(b)(1) of the Judicial Code, 42 Pa. C.S. § 8522(b)(1). In *Bazemore v. Southeastern Pennsylvania Transportation Authority,* 657 A.2d 1323 (Pa.Cmwlth.1995), we reaffirmed our reliance on *Love* in the context of operation of a motor vehicle and sovereign immunity. In *Bazemore,* the plaintiff alleged that she slipped and fell on the bus steps when she attempted to alight defendant's bus at a regularly scheduled stop. The defendant filed a motion for summary judgment, which the trial court granted. Plaintiff appealed to this Court, which affirmed the trial court, and reaffirming the holding of *Miller,* held that plaintiff "does not allege that her injuries were caused by the movement of the bus or the movement of any of its parts; thus [plaintiff's] cause of action would not fall within the motor vehicle exception to sovereign immunity." *Id.* at 1326–27.

Appellant attempts to argue that the *Love* line of cases does not control under the facts of this case, and instead directs this Court's attention to our holdings in *Vogel v. Langer,* 131 Pa.Cmwlth. 236, 569 A.2d 1047 (1990), and *Sonnenberg v. Erie Metropolitan Transit Authority,* 137 Pa.Cmwlth. 533, 586 A.2d 1026 (1991). However, we find that these

cases are not controlling because of factual dissimilarities. In *Vogel,* plaintiff was injured when defendant's bus stopped in the flow of traffic to allow another vehicle into the intersection. In *Sonnenberg,* the bus was stopped, but plaintiff's injuries occurred as a result of being struck by the bus doors as she alighted the bus. *Sonnenberg* distinguishes *Love* on the basis that *Love* does not require the entire vehicle to be in motion, and the plaintiff's injuries in *Sonnenberg* were allegedly caused by parts of the vehicle set in motion, i.e., the opening doors.

The facts of this case do not present the factual scenario of *Vogel,* as the bus was making a routine stop to allow passengers ingress and egress at a regularly scheduled stop. Furthermore, unlike *Sonnenberg,* there was no proof offered at trial to show that Appellant was injured by any parts of the bus that were set in motion.

■ The facts adduced at trial do, however, establish that Appellant was injured as she was alighting a bus that was not in motion, but rather was alighting the bus at a regularly scheduled stop. Therefore, as we are bound by the Supreme Court's holding in *Love,* and this Court's application thereof in *Miller* and *Bazemore,* we conclude that a regular stop on the vehicle's route does not constitute operation of the motor vehicle within the meaning of Section 8522(b)(1) of the Judicial Code, 42 Pa.C.S. § 8522(b)(1). Thus, the court of common pleas did not err in concluding that Appellant was not injured as the result of the operation of a motor vehicle.

■ Appellant's second issue is without merit because Appellant did not object to the court of common pleas's actions on the record. *"In order to preserve an issue for appeal, a litigant must make a timely, specific objection at trial* and must raise the issue on post-trial motions." *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority,* 507 Pa. 204, 214, 489 A.2d 1291, 1296 (1985) (emphasis added). Appellant's failure to object constitutes a waiver of this issue on appeal.

■ However, even assuming *arguendo* that the issue were not waived, we conclude that the court of common pleas did not err. Pa.R.C.P. No. 227.1(a)(2) allows that *"[a]fter trial and upon the written Motion for Post-Trial Relief* filed by any party, the court may.... direct the entry of judgment in favor of any party...." Pa.R.C.P. No. 126 mandates that courts construe the rules of civil procedure liberally so as "to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." This rule functions to grant the trial court latitude to overlook any *procedural* defect that does not prejudice the rights of a party. *Slaughter v. Allied Heating,* 431 Pa.Superior Ct. 348, 636 A.2d 1121 (1993), *petition for allowance of appeal denied,* 539 Pa. 669, 652 A.2d 839 (1994).

■ The court of common pleas's application of Rule 227.1, when read in conjunction with Rule 126, did not constitute an abuse of discretion because (1) Appellee timely filed its motion for compulsory nonsuit, in writing; (2) the issues contained in Appellee's motion were properly preserved by Appellee's motion for directed verdict; (3) Appellant was able to respond to the motions; and (4) no objection was placed on the record regarding the court of common pleas's action.

In essence, the court of common pleas's action was nothing more than a delayed disposition of Appellee's prior motions for compulsory nonsuit and directed verdict. The record reveals, and the court of common pleas admits, that this delay was not chargeable to Appellee, but rather was caused by the unexpected shortness of the trial and unforeseen emergencies, unrelated to this case, that consumed the court's time.

Based on the foregoing, the order of the court of common pleas is affirmed.

### ORDER

**AND NOW,** this 12th day of December, 1995, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.