**Michael GREENLEAF, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued May 8, 1997.

Decided July 28, 1997.

---

**1.** Act of May 23, 1907, P.L. 206, *added by* Section 1 of the Act of June 20, 1947, P.L. 663, *as amended,* 53 P.S. § 23461.

Jerome M. Brown, Philadelphia, for appellant.

Joan A. Zubras, Philadelphia, for appellee.

Before SMITH and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Michael Greenleaf appeals from an order of the Court of Common Pleas of Philadel-phia County that granted a motion for summary judgment on behalf of the Southeastern Pennsylvania Transportation Authority (SEPTA) and dismissed Greenleaf's suit. The issues presented are whether the trial court erred in granting summary judgment and holding that the vehicle liability exception to sovereign immunity in Section 8522(b)(1) of the Judicial Code, 42 Pa.C.S. § 8522(b)(1), did not apply to the facts of this case and whether the trial court erred in determining that there were no genuine issues of material fact and that SEPTA was entitled to judgment as a matter of law.

In his deposition, Greenleaf alleged that at approximately 6:00 p.m. on July 7, 1993, he was a passenger riding on SEPTA's southbound Broad Street Line subway when an unknown individual got on the train at the Columbia Station. This individual asked Greenleaf the time, sat down next to him, then pulled a gun and pointed it at Greenleaf and demanded that he empty his pockets. Greenleaf and another individual stood up to obey the command. The passengers screamed when they saw the weapon, and the gunman attempted to shoot several times but his weapon misfired. Greenleaf dodged and ducked the potential shots while the train pulled into the station. The trainman, who allegedly viewed the incident, did not open the doors for about 30 seconds after the train had stopped. The gunman fired one more time and struck Greenleaf, who was trying to escape out the door. Greenleaf was injured when shot in the right flank by the gunman.

## I.

Following the close of pleadings and discovery, SEPTA filed a motion for summary judgment on the grounds that as a Commonwealth agency it is entitled to sovereign immunity and that it cannot be held liable for the criminal conduct of third parties. The trial court agreed and granted the motion, noting that where the injury is caused by a tortious act of a third party, the vehicle liability exception to sovereign immunity does not apply.[1]

1. Section 8522 of the Judicial Code, *as amended,* 42 Pa.C.S. § 8522, provides in part:

■ This Court's scope of review of the trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Wolfe by Wolfe v. Stroudsburg Area School Dist.*, 688 A.2d 1245 (Pa. Cmwlth.1997). Summary judgment is appropriate only where, after viewing the record, i.e., the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, in the light most favorable to the non-moving party, the court concludes that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

■ Greenleaf claims that the trial court erred in determining that the vehicle liability exception did not apply. In particular, he alleges that the trainman, who was aware of the situation, acted negligently in failing to open the car doors to permit him to escape once the train had stopped. Greenleaf maintains that this conscious act by the trainman rendered the "operation" of the train a substantial contributing factor to the infliction of the gunshot wounds. Greenleaf relies on *Sonnenberg v. Erie Metropolitan Transit Authority*, 137 Pa.Cmwlth. 533, 586 A.2d 1026 (1991), and *Vogel v. Langer*, 131 Pa. Cmwlth. 236, 569 A.2d 1047 (1990), cases that are factually dissimilar. In both cases, the victims' injuries were the direct result of the bus drivers' operation of the vehicles; neither case involved a criminal assault.

In *Sonnenberg* a bus passenger was caught in the rear door of the bus and injured while trying to exit. The Court held that "operation" of the bus included the opening and closing of its doors. In *Vogel* the Court held that a SEPTA bus driver's actions in waiving another motorist into the intersection and thereby causing a collision constituted "operation" of a vehicle for purposes of the vehicle liability exception to sovereign immunity. Here, neither the movement of the train nor any of its moving parts caused Greenleaf's injuries. Instead, he was the victim of a criminal assault by a third party.

Greenleaf also cites *Toombs v. Manning*, 835 F.2d 453 (3rd Cir.1987), a criminal assault case where the Third Circuit Court of Appeals concluded that the operation of a SEPTA subway train included the boarding and discharging of passengers onto SEPTA platforms and that SEPTA could be found liable under the vehicle liability exception where the plaintiff was injured after an attack by two men while waiting for a train at a SEPTA subway station. The attack occurred within sight of a SEPTA cashier and a SEPTA trainman. The plaintiff stumbled into the path of an oncoming train after the attack and suffered serious injuries. However, in *Southeastern Pennsylvania Transportation Authority v. Hussey*, 138 Pa.Cmwlth. 436, 588 A.2d 110 (1991), *appeal denied*, 530 Pa. 649, 607 A.2d 258 (1992), the Court noted that in light of *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), the Pennsylvania Supreme Court would have reached a different result than that reached in *Toombs*.

In *Mascaro* the Supreme Court interpreted the real estate exception to governmental immunity set forth in Section 8542(b)(3) of the Judicial Code, 42 Pa.C.S. § 8542(b)(3), and determined that the harm caused by third parties cannot be imputed to local agencies or their employees under any of the eight exceptions to governmental immunity in Section 8542. In *Hussey* the Court noted that the language of the vehicle liability exception to sovereign immunity was identical to that for local governmental immunity, and, as a result, the Court reasoned that a Commonwealth party similarly is not subject to liability under the vehicle exception for the criminal acts of third parties.

## II.

■ In *Williamson by Williamson v. Southeastern Pennsylvania Transportation*

**(b) Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

**(1) Vehicle Liability.**—The operation of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

*Authority,* 154 Pa.Cmwlth. 448, 624 A.2d 218 (1993), the Court rejected a similar claim by a victim who was assaulted on a SEPTA train by one member of a gang of teenagers after the victim refused to hand over his wallet. Like Greenleaf, the plaintiff in *Williamson* argued that at common law a common carrier owes its passengers the highest duty of care in transporting them in a safe manner. However, as the Court noted, there is no authority for the proposition that a breach of a common carrier's duty of care to its passengers establishes a cause of action under the vehicle liability exception. Rather, as the Court stated, in order for the vehicle liability exception to apply, the plaintiff must establish that his injuries were caused by the movement of the train or the movement of a part of the train. *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988); *Sonnenberg.* The Court concluded in *Williamson* that the plaintiff's injuries were caused instead by the criminal and tortious act of a third party and that the vehicle liability exception to sovereign immunity did not apply.

Greenleaf nonetheless argues that the trainman was aware of the attack and consciously decided not to open the train doors. According to Greenleaf, SEPTA's negligence was therefore concurrent with the gunman's act and represented a causative factor in the shooting.[2] As support, Greenleaf cites the Supreme Court's decision in *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992), and this Court's decision in *Jones v. Chieffo,* 664 A.2d 1091 (Pa.Cmwlth.1995), *appeal granted,* 544 Pa. 616, 674 A.2d 1077 (1996), for the proposition that SEPTA may be held concurrently liable for injuries resulting from a third party's criminal acts. *Crowell* and *Jones* are also factually dissimilar; as in *Sonnenberg* and *Vogel,* neither case involved a third-party criminal assault on a public transportation passenger.

In *Crowell* the Supreme Court held that a municipality could be jointly liable with a third party where its employee had negli-

gently misplaced a directional sign, which caused a drunk driver to enter the wrong lane of traffic and to collide head-on with another vehicle. In *Jones* a police officer engaged in a high-speed chase without a working siren, and during the course of the chase he violated several directives. The chase resulted in a collision at an intersection that killed one motorist and injured another. The parties stipulated that if the siren had worked, the victims would not have entered the intersection. Moreover, in both *Crowell* and *Jones,* the alleged negligent conduct of the government fell within an exception to immunity.

Here, however, there are no genuine issues of material fact regarding SEPTA's liability. Greenleaf's injuries were not caused by the movement of the train or any of its parts. They were caused by the criminal acts of a third party. Hence, the vehicle liability exception does not apply. *Williamson.* Because SEPTA is entitled to judgment as a matter of law, the trial court did not err in granting SEPTA's motion for summary judgment. The order of the trial court is therefore affirmed.

*ORDER*

AND NOW, this 28th day of July, 1997, the order of the Court of Common Pleas of Philadelphia County is affirmed.

---

2. Greenleaf also relies on the dissenting opinion in this Court's en banc decision in *Evans v. Southeastern Pennsylvania Transportation Authority,* 149 Pa.Cmwlth. 376, 613 A.2d 137 (1992). The dissent stated that the failure of the trainman to respond to an emergency must be considered not only as part of the "operation" of a vehicle but also an act of concurrent negligence. The majority disagreed and held that a third-party criminal assault committed on a SEPTA train platform is a superseding cause absolving SEPTA from liability for the attack.