**Robert J. BERMAN, Appellant,**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued May 8, 1997.

Decided Aug. 4, 1997.

---

**7.** Officers, for instance, are required to work certain holidays on a rotating basis.

Mitchell S. Clair, Philadelphia, for appellant.

Joan A. Zubras, Philadelphia, for appellee.

Before SMITH and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

LEADBETTER, Judge.

Robert J. Berman (appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) denying appellant's post-trial motion for removal of the nonsuit which the trial court entered in favor of the Southeastern Pennsylvania Transportation Authority (SEPTA) after determining that appellant failed to establish a cause of action under the vehicle exception to sovereign immunity, 42 Pa.C.S. §§ 8522(b)(1). The question presented is whether a bus driver's actions in allowing a mass transit bus to become overcrowded constitute "operation" of a vehicle for purposes of liability under the vehicle exception when such overcrowding causes a passenger to sustain injuries in a fall while alighting from the bus at a regularly scheduled bus stop.

On June 16, 1993, appellant, a passenger on a SEPTA bus, sustained injuries upon alighting from the vehicle at a bus stop. Prior to the accident, the bus stopped and boarded many passengers, causing the vehicle to become very crowded. As a result, appellant was unable to make his way to the exit door when the bus arrived at his destination. At the next stop, one block away, appellant reached the exit, and while alighting from the bus, he fell off the steps onto the street. Appellant claims that his fall was caused by a surge of passengers due to the overcrowding of the bus.

On March 30, 1994, appellant instituted an action against SEPTA. SEPTA filed a response and a trial commenced on May 8, 1995. After appellant presented his case on liability, the trial court granted SEPTA's motion for nonsuit, holding that appellant's claim was barred because the accident as described did not support the conclusion that the bus was in "operation" within the meaning of § 8522(b)(1) at the time of appellant's injury. Appellant then moved for removal of the nonsuit which the trial court denied on April 17, 1996, and appellant filed this appeal. For the reasons that follow, we affirm.

■ A compulsory nonsuit may be affirmed only if, giving the appellant the benefit of every reasonable inference and resolving all evidentiary conflicts in his favor, the facts and circumstances nonetheless lead to the clear conclusion that no liability exists. *Harvilla v. Delcamp*, 521 Pa. 21, 25, 555 A.2d 763, 764 (1989).

■ It is well settled that SEPTA is a Commonwealth agency, and as such, enjoys the benefit of sovereign immunity under § 8521 of the Judicial Code, 42 Pa.C.S. § 8521. *Rubenstein v. Southeastern Pennsylvania Transportation Authority*, 668 A.2d 283, 285 (Pa.Cmwlth.1995) [citing *Feingold v. Southeastern Pennsylvania Transportation Authority*, 512 Pa. 567, 517 A.2d 1270 (1986) ]. Under the vehicle exception to sovereign immunity, a Commonwealth agency will be liable for damages caused by the negligent "operation of any motor vehicle in the possession or control of [such] agency." 42 Pa.C.S. § 8522(b)(1).

Appellant contends that the driver's allowing the bus to become overcrowded, which caused appellant to be pushed by other passengers as he exited the bus, was negligent and that this negligence constitutes "operation" within the meaning of the vehicle exception.

In *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988), the Pennsylvania Supreme Court stated that because the stat-

ute did not define the word "operation," courts must strictly construe the word according to common usage. Thus, the court defined "operation" in this context as follows:

> [T]o operate something means to actually put it in motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle.... Getting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle.

518 Pa. at 375, 543 A.2d at 533 (emphasis in original).[1] Our court, in applying *Love*'s definition of "operation," has consistently held that a passenger's act of alighting the steps of a bus does not involve "operation" of the bus for purposes of the motor vehicle exception to sovereign immunity. *Rubenstein,* 668 A.2d at 286; *Bazemore v. Southeastern Pennsylvania Transportation Authority,* 657 A.2d 1323, 1326 (Pa.Cmwlth.1995); *Miller v. Erie Metropolitan Transit Authority,* 152 Pa.Cmwlth. 64, 618 A.2d 1095, 1097 (1992).

■ Appellant attempts to distinguish *Love* and its progeny from the instant case claiming that the alleged negligent conduct of the bus driver involved acts normally "associated with the operation" of a mass transit vehicle. However, this is not the test. Many acts, such as collecting fares, refueling the vehicle, picking up litter or, as in *Love*, providing assistance to passengers who need help getting on or off the bus, are all *associated with* operating a bus. Nonetheless, they are not themselves "operation," defined, as noted in *Love,* as "[t]o run or control the functioning of: operation a machine...." *Love,* 518 Pa. at 374, 543 A.2d at 533. Rather they, as well as the negligence asserted here—failure to limit the number of passen-

gers getting on the bus, are acts "ancillary to the actual operation of the vehicle." *Id.*

Appellant's reliance upon *Vogel v. Langer,* 131 Pa.Cmwlth. 236, 569 A.2d 1047 (1990), and *Sonnenberg v. Erie Metropolitan Transit Authority,* 137 Pa.Cmwlth. 533, 586 A.2d 1026 (1991), is misplaced. In *Vogel,* this court held that a bus was in "operation" within the meaning of the motor vehicle exception to immunity where the bus was temporarily stopped in traffic and the bus driver waved another motorist into an intersection where his car was struck by another vehicle. 569 A.2d at 1048. We noted that "operation" necessarily entails momentary stops due to traffic and communication with other drivers, in other words, that such acts are an integral part of the operation itself. Similarly, while not involving negligent driving, *Sonnenberg* involved actual operation—the "putting into motion"—of a part of the vehicle.[2]

Finally, appellant asserted at oral argument that *Grieff v. Reisinger,* —— Pa. ——, 693 A.2d 195 (1997) has expanded the narrow construction accorded exceptions to immunity. On the contrary, *Grieff* simply clarified the interpretation of the real property exception to governmental immunity.[3] It did not in any way alter the construction of the motor vehicle exception. Moreover, *Grieff* reaffirmed the principle that under the immunity statute, the government is not liable for harm where its negligence "only facilitated injuries caused by third parties." *Id.* at ——, 693 A.2d at 197. Here, appellant claims that he was injured in a fall from the bus when he was pushed by other passengers. The driver's claimed failure to properly control the number of passengers only facilitated his injury.

---

1.  *Love* was decided under the Political Subdivision's Tort Claims Act, 42 Pa.C.S. §§ 8541—8564. However, the reasoning applies equally to cases involving Commonwealth agencies. *See, e.g., Miller v. Erie Metropolitan Transit Authority,* 152 Pa.Cmwlth. 64, 618 A.2d 1095 (1992).

2.  In *Sonnenberg,* a passenger on a stopped bus was injured when the door of the bus struck her

and locked her into position as she was attempting to leave the vehicle. We held that even where the entire vehicle is not in motion, the active operation by the driver of one of its parts is sufficient to bring the case within the motor vehicle exception. *Sonnenberg,* 586 A.2d at 1028.

3.  42 Pa.C.S. §§ 8542(a)(2), 8542(b)(3).

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 4th day of August, 1997, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.