**Rosenau v. East Stroudsburg School District**

C.P. of Monroe County, no. 2619 Civil 2010.

*James J. Conaboy,* for plaintiff.
*F . Patricik Heffron,* for defendants.

MILLER, *J.,* June 29, 2010—On April 18, 2008, plaintiff Jane Rosenau, a pediatric nurse, was accompanying a student on a school bus transporting challenged students within the East Stroudsburg School District. She was kicked by a student with a known history of aggressive behavior and suffered injuries to her knee. Plaintiff sued the school district for economic and noneconomic damages on March 26, 2010. In response, defendant, East Stroudsburg School District filed preliminary objections in the nature of a demurrer.

When considering preliminary objections in the nature of a demurrer, this court must accept as true all well-pleaded material facts in the complaint, as well as inferences reasonably deducible therefrom. *Webb Manufacturing Company v. Sinoff,* 449 Pa. Super. 534, 674 A.2d 723 (1996); This court need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *Penn Title Insurance Company v. Deshler,* 661 A.2d 481 (Pa. Commw. 1995). A demurrer may be sustained only if it is clear on the face of the pleading that the law will not

permit the recovery sought. *Morgan v. McPhail,* 449 Pa. Super. 71, 672 A.2d 1359 (1996). If there is any doubt, it should be resolved by the overruling of the demurrer. *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 650 A.2d 895 (1994).

Preliminary objections are a proper vehicle for raising the defense of sovereign immunity where, as here, the defense is apparent on the face of the pleading under attack. *Wurth by Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 584 A.2d 403 (1990). In *Petula v Mellody,* 158 Pa. Commw. 212, 631 A.2d 762 (1993), our Commonwealth court held that school districts are considered as a local agency for purposes of governmental immunity. As such, defendant is within the category of defendants authorized to raise the defense of sovereign immunity. *Poliskiewicz v. East Stroudsburg University,* 113 Pa. Commw. 13, 536 A.2d 472 (1988). Because defendant is entitled to sovereign immunity, plaintiff can only maintain her action sounding in negligence if defendant's actions fall within an exception enumerated in the statute. Counsel for plaintiff argues that the motor vehicle exception to sovereign immunity authorized plaintiff's cause of action.

The Political Subdivision Tort Claims Act provides in pertinent part as follows:

"*Governmental immunity generally*

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541.

However, the immunity of a school district is not absolute. There are eight enumerated exceptions to a school district's claim of immunity from suit including the following:

"(b) *Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency, . . . 42 Pa.C.S. §8542(b)(1).

Our Supreme Court in *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987) held that our legislature clearly intended to insulate political subdivisions from tort claims and that intention requires our courts to narrowly apply the exception to governmental immunity, including the motor vehicle exception.

Here, plaintiff does not allege that the actual operation of the bus caused her injuries. Rather, her complaint alleges that defendant was negligent when it allowed and permitted an aggressive student to ride its bus without taking proper actions to secure the bus and protect those riding the bus and, furthermore, that defendant failed to adequately warn or give notice to her of the dangerous condition posed by one of its challenged students by allowing an aggressive student without proper restraints to be on the bus.

In narrowly construing the exceptions under section 8542, we cannot find that plaintiff has pled facts to place this matter within the vehicle liability exception. It is incumbent upon the plaintiff to establish her case falls within one of the enumerated exceptions. *Miller v. Erie Metropolitan Transit Authority,* 152 Pa. Commw. 64, 618

A.2d 1095 (1992). Even excepting as true her allegations, they do not prove that the actions complained of constitute the operation of any motor vehicle.

At oral argument, plaintiff argued that defendant has not set forth any case law precedent to support their position. However, we note that plaintiff has not given us any case law to support hers.

The court's own research identified two cases, albeit old ones, which are instructive. In *Kesman v. School District of Fallowfield Township,* 345 Pa. 457, 29 A.2d 17 (1942), our Supreme Court affirmed the school district's demur where plaintiffs alleged that their son was injured by the negligent operation of defendant's school bus while a passenger in it on is way to school. Our Supreme Court held that it has been repeatedly held that school districts are not liable for such negligence.

Also, while not binding but instructive, the Bucks County Court of Common Pleas in *Quaste v. Hayes,* 36 D.&C.3d 308 (1985) granted the school district's motion for summary judgment where the parents of a school student sued the school district after he was injured in a fight on a school bus with another student. In their complaint, the parents alleged that the bus driver, as an employee of the school district, failed to maintain order and decorum on the bus thereby permitting their son to be injured in the altercation. The court found that the only issue for resolution was whether the statute, Political Subdivision Tort Claims Act, afforded governmental immunity to the school district. The court found that it did and granted summary judgment.

Accordingly, we enter the following order:

## ORDER

And now, June 29, 2010, upon consideration of Defendant East Stroudsburg School District's preliminary objections in the nature of a demurrer, it is ordered that defendant's preliminary objections are sustained and plaintiff's complaint is dismissed with prejudice.