# Howard v. SEPTA

*Jerry Lyons,* for plaintiff.
*Joyce R. Deitch,* for defendant.

PANEPINTO, *J.,* February 22, 2011—This is an appeal from an order entered by this court on November 22, 2010, in which the court granted the motion for summary judgment filed by defendant SEPTA ("defendant").

## FACTUAL AND PROCEDURAL HISTORY

On August 4, 2009, the plaintiff John Howard (The plaintiff) commenced an action by complaint, alleging personal injuries sustained on August 27, 2007. At that time, the plaintiff alleged that he had been attempting to exit the R2 regional rail train at the Ridley Park SEPTA station. He was caused to fall when the defendant's train conductor and/or driver and/or engineer failed to line up the steps from the train to the platform. The plaintiff alleged that the defendant's negligence consisted of:

(a) failing to have the defendant's train under proper and adequate control;

(b) positioning the train without due regard for the position and safety of the plaintiff;

(c) operating and positioning the train in a dangerous and unsafe manner;

(d) failing to stop the train so that the steps of the train would line up with the station platform;

(e) failing to align the train with the platform when defendant knew or should have known that in not doing so, the aforesaid accident would occur;

(f) being negligent and careless as a matter of law by operating, moving and stopping the train in a careless manner; and

(g) failing to see and have due regard for plaintiff, while operating, moving and functioning the train and/ or other parts thereof.

See complaint at paragraph 5.

On September 16, 2009, the defendant filed its answer with new matter. That responsive pleading asserted inter alia the defense of sovereign immunity as a Commonwealth party, pursuant to Article 1, Section 11 of the Pennsylvania Constitution and 42 Pa.C.S. §8521 et seq.

After the close of pleadings and the conclusion of discovery, the defendant eventually filed a motion for summary judgment on August 31, 2010. Relying on the deposition testimony of the plaintiff, the defendant argued that the alleged facts failed to fall within the "motor vehicle" exception to immunity set forth in 42 Pa.C.S. §8522(b)(1).

The court granted the defendant's motion for summary judgment. This appeal followed.

## ALLEGATIONS OF ERROR

Pursuant to Pa.R.A.P. 1925(b), the appellant has filed a statement of matters complained of on appeal. This statement of matters is as follows:

1. The trial court erred in granting the defendant's motion for summary judgment, because the defendant's real estate had a defective condition which caused the

plaintiff's personal injury.

2. The trial court erred in granting the defendant's motion for summary judgment, because the negligent act of the train engineer in operating the train while stopping cause personal injury to the plaintiff.

## DISCUSSION

The defendant, SEPTA, is an agency of the Commonwealth of Pennsylvania. As a Commonwealth agency, the sovereign immunity statute, 42 Pa.C.S. §8522 et seq., applies to it. *Feingold v. SEPTA*, 512 Pa. 567, 578, 517 A.2d 1270,1275-76 (Pa. 1986). Under this statute, a Commonwealth party may only be held liable for negligence if it is shown that the acts of the agency fall within one of the nine narrow, enumerated exceptions to immunity as set forth in §8522(b).

Here, the only possibly applicable exceptions to immunity are the "vehicle" exception or the "real estate" exception:

(1) Vehicle liability. - The operation of any motor vehicle in the possession or control of a Commonwealth party.

[...]

(4) Commonwealth real estate, highways and sidewalks. - A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to

private persons, and highways under the jurisdiction of a Commonwealth agency

[...].

*Id.*

First, it should be noted that the complaint failed to allege any defect in any Commonwealth real estate. To be sure, the plaintiff has not raised such issue prior to the filing of his 1925(b) statement of errors. Therefore, this court's inquiry was limited to an analysis of 42 Pa.C.S. §8522(b)(1).

The Commonwealth Court has previously held that for a Commonwealth agency's negligence to qualify under the vehicle liability exception, the negligence must be within the operation of the vehicle. The term "operation" as used in this exception has been interpreted as meaning that the vehicle must actually be in motion at the time of the incident and that the motion must be the cause of the plaintiff's injury. *Rubinstein v. SEPTA*, 668 A.2d 283 (Pa. Commw. 1995). Alighting from or boarding a stopped vehicle is not within the motor vehicle exception, nor does the mere act of stopping resulting in a finding of "operation." *Id.*

Plaintiff testified at his deposition that he had been a passenger on SEPTA's R2 train and was exiting the train at the Ridley Park station when he stepped off the last step of the train and fell from the last step of the train onto the blacktop because the train was not lined up with the wooden platform, and therefore instead of stepping from the steps onto a wooden platform, he stepped onto

the blacktop. See plaintiff's deposition: def. motion for summary judgment at Ex. "C", pp. 24-25. The plaintiff further testified that no one else exiting the train fell in a similar manner. *Id.* He testified that nothing about the blacktop itself caused his fall. *Id.* at p. 65. The train was at a complete stop, and the train doors were open and did not close on him. The train itself did not hit him, nor did any moving part of the train injure him in any way. *Id.* at pp. 24-28.

Based on the foregoing, this court determined that summary judgment in the defendant's favor was appropriate as a matter of law, because the plaintiff was unable to establish that any of the exceptions to sovereign immunity applied under the facts alleged.

## CONCLUSION

Accordingly, for the aforementioned reasons, this appeal should be denied.