Lawrence **CREWS, by his mother and natural guardian, Lynette CREWS, and Lynette Crews, in her own right,** Appellants

v.

### CITY OF CHESTER and Officer John Kuryan.

Commonwealth Court of Pennsylvania.

Argued June 11, 2009.

Decided Nov. 2, 2009.

Jon J. Auritt, Media, for appellants.

Mark Alan Raith, Media, for appellee, City of Chester.

BEFORE: SIMPSON, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Appellants, Lawrence Crews (Crews), a minor, by his mother and natural guardian, Lynette Crews, and Lynette Crews, in her own right (Mother) appeal from an order of the Court of Common Pleas of Delaware County (trial court) which determined that Crews did not have standing to challenge the constitutionality of the City of Chester Ordinance (Ordinance), Article 711, an anti-loitering ordinance. We reverse and remand for further proceedings.

This case commenced when Appellants filed a complaint alleging that on August 29, 2001 at about 7:40 p.m., Crews walked to a variety store near Tenth and Potter Streets in the City of Chester (City). This area had been designated a "High Drug Activity Area" by the Mayor of Chester, pursuant to Article 711 of the Ordinance.

After purchasing snacks, Crews left the store and remained at the corner of Tenth and Potter Streets talking with three other individuals. About twenty minutes later, two Chester police officers on bikes approached and Crews, as well as the others, ran. According to the complaint, Crews ran around the corner and then stopped, realizing that he had no reason to flee the police. After he stopped running, Crews' maintains that Officer Kuryan caught up to him, cursed at him, and then struck him on his back, knocking him onto the ground on his right shoulder. In its answer, the City alleged that Crews was running when Officer Kuryan pulled him down.

Officer Kuryan arrested, handcuffed and transported Crews to the police station and charged Crews with loitering in a high drug activity area in violation of Article 711 of the Ordinance.[1] A hearing on the

---

1. Article 711 of the Ordinance provides:
    711.01   POSTING HIGH DRUG ACTIVITY AREA.

    (a) The Mayor is hereby empowered to designate any area in the City in which twenty-five (25) arrests have been made in a six (6)

charges was held on November 3, 2001 before a magisterial district justice. Crews, still a minor, appeared and was represented by an attorney retained by Mother. Neither the prosecutor nor Officer Kuryan was present and the district justice dismissed the citation for failure to prosecute.

In June, 2003, Crews, through his Mother filed a complaint with the trial court. Count I of the complaint challenges the constitutionality of the "High Drug Activity Area" Ordinance. Count II of the Complaint seeks damages for injuries to Crews' shoulder, emotional distress and for additional emotional distress due to his arrest, handcuffing, incarceration and prosecution. In count III, Crews seeks damages for violations of his rights under 42 U.S.C. § 1983, including arrest without probable cause and intentional infliction of emotional distress. Finally, count IV requests reimbursement for medical bills and the payment of legal bills that Mother was required to pay as a result of Crews' arrest.

In response to the complaint, the City filed an answer and new matter. The parties engaged in discovery and the trial court then set the matter on the October 2007 trial list.

Subsequently, the City filed a motion for summary judgment. In response, Crews filed a motion for partial summary judgment and declaratory relief, challenging that the Ordinance is overbroad. On November 15, 2007, the trial court issued an order upholding the constitutionality of the Ordinance and remanding the personal injury aspect of the case to arbitration. On December 12, 2007, the trial court scheduled arbitration for April 3, 2008, which was thereafter continued until June 2, 2008. On April 8, 2008, the trial court issued an order dismissing Officer Kuryan, with prejudice, from the litigation.

On May 2, 2008, Crews filed a notice of appeal to this court. On June 4, 2008, more than thirty days after its order of April 8, 2008, the trial court filed an amended order. In the amended order of June 4, 2008, the trial court vacated its order of April 8, 2008 and dismissed all of the counts in Crews' complaint.

On June 26, 2008, Crews filed an appeal to this court of the June 4, 2008, order of the trial court. On July 3, 2008, Crews filed a notice of discontinuance of his May 2, 2008 appeal of the trial court's April 8, 2008 order. Thereafter, on August 4, 2008, the trial court issued an opinion in support of its amended June, 4, 2008 order, wherein the trial court concluded that Crews did not have standing to challenge the constitutionality of the Ordinance.

On December 5, 2008, the City filed in this court, a motion to dismiss the appeal. Therein, the City maintained that the order under appeal is an order that the trial court did not have jurisdiction to enter after being divested of jurisdiction under Pa. R.A.P. 1701. In an order dated Janu-

---

month period relating to drugs, as a "High Drug Activity Area".

(b) The Mayor may order the posting of signs in such an area giving warnings to travelers, thereon, that such an area is a "High Drug Activity Area."

711.02  VIOLATION.

It shall be unlawful for any person/persons who has been observed either standing, sitting or otherwise loitering for over thirty minutes in a high drug activity area and after ques-

tioning by police, could not give a lawful and reasonable explanation for his presence there, to remain or return after being requested to leave by a police officer.

711.99  PENALTY.

Any person who violates any provision of this article shall be fined not more than six hundred dollars ($600.00) and, in default of payment thereof, shall be imprisoned not more than ninety (90) days.

ary 5, 2009, this court denied the motion to dismiss, stating that the filing of the appeal from the interlocutory order did not divest the trial court of jurisdiction.

■ We will first address the issue of standing. When a person is not adversely affected by the matter which he seeks to challenge, he is not aggrieved and thus has no standing to obtain a judicial resolution of that challenge. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 192, 346 A.2d 269, 280 (1975). One who seeks to challenge the validity of a statute or ordinance must show a sufficiently close causal connection between the challenged action and the injury. *Drummond v. University of Pennsylvania*, 651 A.2d 572, 577 n. 4 (Pa.Cmwlth.1994), *petition for allowance of appeal denied*, 541 Pa. 628, 661 A.2d 875 (1995).

Here, the City claims that Crews does not have standing because even though Crews was given a citation for violating the Ordinance, he was never convicted of any offense in connection with the citation. In fact, the citation was dismissed at a district justice hearing.

In support of its argument, the City relies on *Commonwealth v. Ciccola*, 894 A.2d 744 (Pa.Super.2006), *appeal denied*, 591 Pa. 660, 916 A.2d 630 (2007) and *Commonwealth v. Semuta*, 902 A.2d 1254 (Pa.Super.2006), *appeal denied*, 594 Pa. 679, 932 A.2d 1288 (2007).

In *Ciccola*, a licensee was convicted of the offense of driving under the influence of alcohol or a controlled substance. In an argument before the Superior Court, the licensee claimed that provisions of the Vehicle Code, namely 75 Pa. C.S. § 3802(a)(2), (b) and (c), were unconstitutional. The Superior Court concluded, however, that the licensee was not convicted of violating those provisions he claimed were unconstitutional. Rather, the licensee was charged and convicted of violating

75 Pa. C.S. § 3802(a)(1). Because the licensee was not convicted of violating 75 Pa. C.S. § 3802(a)(2), (b) and (c), he could not challenge its constitutionality.

> While a defendant in an enforcement proceeding generally has standing to assert in his defense any claim, including the constitutionality of a statute ... he does not have standing to object to the constitutionality of a statute unless he is affected by the particular feature alleged to be in conflict with the constitution.

*Ciccola*, at 747. (Citation omitted.)

In *Semuta*, another case involving a licensee driving under the influence of alcohol or a controlled substance, the Superior Court observed:

> Appellant was charged only with 75 Pa. C.S.A. § 3802(a)(1) and 75 Pa. C.S.A. § 3802(b), yet he challenges Section 3802 in its entirety. An individual launching a constitutional challenge to a statute must be injured by it. He cannot challenge it in the abstract. *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986). Appellant was not charged with each subsection of Section 3802; thus, we find he may not challenge all of it.

*Semuta*, at 1260, n. 6.

Based on *Ciccola* and *Semuta*, the City maintains that because Crews was never convicted of violating the Ordinance, he does not have standing to challenge its constitutionality. We disagree.

In *Ciccola* and *Semuta*, the individuals were challenging the constitutionality of a statute that they were not charged with and ultimately not convicted of violating and thus, they were not affected or injured by the challenged statutes.

■ In this case, Crews, contrary to the City's contention, has suffered an injury

directly attributable to the Ordinance. Specifically, but for the Ordinance, Crews would not have been arrested, handcuffed, transported to the police station and held in police custody and issued a citation for violation of the Ordinance. Moreover, no money would have been expended in retaining a lawyer to defend against the violation. Although the citation was dismissed, such does not change the fact that Crews was adversely affected by the Ordinance, in that he was taken into custody and issued a citation for violation of the Ordinance and retained counsel to defend the subsequently dismissed citation.[2]

Having concluded that Crews does have standing, we also determine that a remand to the trial court is appropriate. Because the trial court determined that Crews did not have standing, the trial court did not address the constitutional issues raised by Crews. Inasmuch as factual determinations may need to be made, we remand the matter to the trial court for further proceedings.

### ORDER

Now, November 2, 2009, the order of the Court of Common Pleas of Delaware County, in the above-captioned matter, is reversed and the case is remanded for further proceedings.

Jurisdiction is relinquished.

---

**2.** Although the City argues that the Ordinance had nothing to do with Crews' decision to run away from the street corner when the officer approached, such does not negate the fact that, as previously stated, Crews was taken into custody and issued a citation for violating the Ordinance and thereafter retained counsel to defend the citation.