IN THE COMMONWEALTH COURT OF PENNSYLVANIA

United Union of Roofers, Waterproofers :
and Allied Workers, :
Local Union No. 37 :
:
v. :
:
:
North Allegheny School District, :
Fox Chapel School District, and :
Montour School District, : No. 49 C.D. 2018
Appellants : Argued: October 2, 2019


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE PATRICA A. McCULLOUGH, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION BY
JUDGE COVEY                        FILED: October 29, 2019


         North Allegheny School District (North Allegheny), Fox Chapel Area School District[1] (Fox Chapel), and Montour School District (Montour) (collectively, School Districts) appeal from the Allegheny County Common Pleas Court's (trial court) December 5, 2017 order granting United Union of Roofers, Waterproofers and Allied Workers, Local Union No. 37's (Union) Motion for Summary Judgment (Summary Judgment Motion). The School Districts present two issues for this Court's review: (1) whether the trial court erred and abused its discretion in granting the Summary Judgment Motion because it misapplied the relevant provisions of the Public School Code of 1949 (School Code);[2] and (2) whether the trial court erred and

---

[1] The caption in the underlying complaint in this action identifies Fox Chapel Area School District as Fox Chapel School District; hence, the caption herein reflects the same.

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101 - 27-2702.

abused its discretion in granting the Summary Judgment Motion because summary judgment is premature and there remain genuine issues of material fact necessary to establish the elements of the cause of action or defense at issue.

The Union represents roofers and operates a union hall by which it contracts out its members to roofing companies. In the summer of 2015, Pennsylvania Roofing Company (Pennsylvania Roofing) successfully bid on a roofing project at Dorseyville Middle School in Fox Chapel (Dorseyville Project). The project manual between Fox Chapel and Pennsylvania Roofing required each Pennsylvania Roofing employee to obtain criminal background checks as mandated by Section 111 of the School Code[3] and Section 6344 of the Child Protective Services Law (CPSL).[4] Eight Union members were denied clearance to work on the Dorseyville Project as a result of the background checks.

North Allegheny solicited bids in the summer of 2015 for roofing projects at three locations: Marshall Middle School, Marshall Elementary School, and Bradford Elementary School. Three separate contracts were awarded. North Allegheny retained Massaro Construction Management Services (Massaro) to serve as construction manager for all three project sites. The general conditions agreed to by Massaro and North Allegheny required all workers to obtain criminal background checks in accordance with Section 111 of the School Code and Section 6344 of the CPSL.[5] Six Union members were denied clearance to work on the North Allegheny roofing projects as a result of the background checks.

On August 28, 2015, the Union filed a Complaint in Declaratory Judgment and Injunctive Relief (Complaint) against the School Districts seeking a declaration that: (1) the Union's members are exempt from the requirements of

---

[3] Added by Section 1 of the Act of July 1, 1985, P.L. 129, *as amended*, 24 P.S. § 1-111.
[4] 23 Pa.C.S. §§ 6301 - 6386.
[5] 23 Pa.C.S. § 6344.

Section 111 of the School Code and Section 6344 of the CPSL; (2) the Criminal History Record Information Act (CHRIA)[6] prohibits the School Districts from refusing to employ Union members based on criminal background checks; and (3) the School Districts' exclusion of Union members was a violation of due process.[7] On September 14, 2015, the Union filed a Motion for Preliminary Injunction (Preliminary Injunction Motion) to enjoin the School Districts from disqualifying Union members from the School Districts' projects based on criminal background checks. Therein, the Union alleged that its members are exempt from background checks under Section 111(a.1) of the School Code, 24 P.S. § 1-111(a.1), and Section 6344(a.1) of the CPSL, 23 Pa.C.S. § 6344(a.1), because they do not have direct contact with children.

On November 4, 2015, the trial court granted the Preliminary Injunction Motion, thereby allowing the previously disqualified Union members access to the School Districts' work sites, and prohibiting the School Districts from conducting background checks on Union members unless the position applied for involved direct contact with children. The School Districts appealed from the Preliminary Injunction to this Court. On March 29, 2017, the Union filed the Summary Judgment Motion. On April 18, 2017, this Court reversed the trial court's order granting the Preliminary Injunction.

On May 15, 2017, North Allegheny filed a Cross-Motion for Summary Judgment (Cross-Motion). On June 9, 2017, the trial court held a hearing and, on December 5, 2017, the trial court granted the Summary Judgment Motion and denied the Cross-Motion. On January 4, 2018, the School Districts filed a Joint Notice of

---

[6] 18 Pa.C.S. §§ 9101 - 9183.

[7] Montour had no active construction projects in May 2015 and none of the Union's members were then employed by an independent contractor to work at a Montour school. However, Montour remains a party to the instant matter.

3

Appeal from the trial court's order.[8]  On January 23, 2018, the trial court ordered the School Districts to file a Concise Statement of the Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement).  By March 16, 2018 order, the trial court adopted the December 5, 2017 opinion as its Rule 1925(a) opinion.  On April 20, 2018, the School Districts filed an unopposed Motion to File Rule 1925 Statement Nunc Pro Tunc because they did not receive the trial court's Rule 1925(b) order.  On April 23, 2018, the School Districts filed their Rule 1925(b) Statement.

The School Districts first argue that the trial court erred and abused its discretion in granting the Summary Judgment Motion because the trial court misapplied the relevant School Code provisions.  Specifically, the School Districts contend that Section 111 of the School Code does not prohibit the School Districts from conducting background checks for individuals working on school property who do not have any contact with children; rather, it merely requires the School Districts to perform background checks for those individuals who have direct contact with children.  The Union rejoins that barring the Union members with criminal histories who have no direct contact with children from work at public school property violates Section 111(a.1) of the School Code.

Initially, Section 111 of the School Code, entitled criminal history of employees and prospective employees; conviction of certain offenses, provides, in relevant part:

> (a.1) Beginning April 1, 2007, this section shall apply to all . . . independent contractors and their employes, except those employes and independent contractors and their employes who have no direct contact with children.

---

[8] "Our standard of review of the trial court's grant of summary judgment is *de novo* and the scope of review is plenary." *Robertson v. Port Auth. of Allegheny Cty*., 144 A.3d 980, 983 n.2 (Pa. Cmwlth. 2016).

4

. . . .

> (b) Administrators of public and private schools, intermediate units and area vocational-technical schools shall require prospective employes to submit with their employment application, pursuant to [CHRIA] (relating to criminal history record information), a report of criminal history record information from the Pennsylvania State Police or a statement from the Pennsylvania State Police that the [Pennsylvania] State Police central repository contains no such information relating to that person. . . .

24 P.S. § 1-111. Section 111 of the School Code thereafter delineates certain crimes and the corresponding employment ban for the individuals identified in Section 111(a.1) of the School Code. As explained by the Pennsylvania Supreme Court:

> The question of whether [requiring criminal background checks for the Union's employees is a violation of Section 111 of the School Code] is one of statutory construction and, as such, it poses a pure issue of law, meaning this Court's review is plenary. The objective of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Generally, the best indication of legislative intent is the plain language of the statute. Thus, it is well settled that when the words of a statute are clear and unambiguous, they are 'not to be disregarded under the pretext of pursuing its spirit.' 1 Pa.C.S. § 1921(b); [*Pa.*] *Sch*[.] [*Bds.*] *Ass'n, Inc. v. Commonwealth, Pub*[.] *Sch*[.] *Emp*[s.]*' Ret*[.] *Bd.*, . . . 863 A.2d 432, 436 ([Pa.] 2004) ('Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words.') (quoting [*Pa.*] *Fin*[.] *Responsibility Assigned Claims Plan v. English*, . . . 664 A.2d 84, 87 ([Pa.] 1995)). Furthermore, the '[w]ords and phrases [of a statute] shall be construed according to rules of grammar and according to their common and approved usage[.]' 1 Pa.C.S. § 1903(a)[.] It is only when the words of the statute are not explicit that the court should seek to determine the General Assembly's intent through consideration of statutory construction factors. 1 Pa.C.S. § 1921(c). Finally, when ascertaining the intent of the General Assembly, we are mindful of the general command that we presume that it 'does not intend a result that is

5

> absurd, impossible of execution or unreasonable.' 1 Pa.C.S.
> § 1922(1)[.]

*Koken v. Reliance Ins. Co.*, 893 A.2d 70, 80-81 (Pa. 2006) (citations omitted).

Here, the Union asserts that because Section 111(a.1) of the School Code contains an exception from the criminal background check requirement for employees who have no direct contact with children, and the School Districts did not present evidence that the Union employees would have direct contact with children, the School Districts violated Section 111 by requiring criminal background checks and barring Union employees from working as a result thereof. However, contrary to the Union's contention, the statute does not prohibit school districts from requiring criminal background checks and/or barring employees from working in certain jobs based thereon. Rather, the statute only requires that background checks be conducted for employees who have direct contact with children.

> In light of the plain language of the statute, the [trial] court's reasoning (and [the Union's] current argument) that the statute [precludes the School Districts from requiring criminal background checks of the Union's employees] simply misses the mark. Where it is unambiguous, the plain language controls, and it cannot be ignored in pursuit of the statute's alleged contrary spirit or purpose.

*Koken*, 893 A.2d at 82. Accordingly, because the trial court misapplied the relevant School Code provisions, it erred by granting the Summary Judgment Motion on that basis.[9]

Because the trial court determined that the School Districts violated Section 111 of the School Code, the trial court did not address the Union's CHRIA or constitutional arguments. "Inasmuch as factual determinations may need to be made,

---

[9] Given the disposition of this issue, this Court does not reach the School Districts' second issue.

6

we remand the matter to the trial court for further proceedings." *Crews ex rel. Crews v. City of Chester*, 983 A.2d 829, 833 (Pa. Cmwlth. 2009).

For all of the above reasons, the trial court's order is reversed, and the matter is remanded to the trial court to address the Union's CHRIA and constitutional arguments.


_____
ANNE E. COVEY, Judge



Judge Wojcik concurs in the result only.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

United Union of Roofers, Waterproofers : <br>
and Allied Workers, : <br>
Local Union No. 37 : <br>
                                 : <br>
            v. : <br>
                                 : <br>
North Allegheny School District, : <br>
Fox Chapel School District, and : <br>
Montour School District, :   No. 49 C.D. 2018 <br>
                     Appellants : <br>

## O R D E R

AND NOW, this 29th day of October, 2019, the Allegheny County Common Pleas Court's (trial court) December 5, 2017 order is reversed, and the matter is remanded to the trial court to address the United Union of Roofers, Waterproofers and Allied Workers, Local Union No. 37's Criminal History Record Information Act and constitutional arguments.

Jurisdiction relinquished.

_____ <br>
ANNE E. COVEY, Judge